PER CURIAM.
Rodolfo Otero appeals the order summarily denying his motion for postconviction relief. The motion alleged eight grounds for relief. We hold that the allegations in grounds one and three have not been adequately refuted by the court. The denial of the other six grounds is affirmed without comment.
In his first ground, Otero claims trial counsel was ineffective for failing to object or move for a mistrial when all veniremen of Hispanic descent were systematically excluded from the jury panel by the state. In its order denying the motion, the trial court merely states that the record on appeal does not support the allegation that members of the jury were systematically excluded based on race. However, the order does not cite to any portion of the record, nor are there attachments to support the denial of this claim. The court’s bare statement is insufficient.
In his third ground, Otero complains that his conviction for felony murder constitutes a violation of the Double Jeopardy Clause. Otero argues that the jury verdict finding him guilty as charged in the indictment was error because trial counsel successfully moved for acquittal of the murder charges filed against him. It is asserted that Otero could not be convicted of murder when the court acquitted him of the charge before the verdict.
In denying this ground, the trial court once again states that the record on appeal reveals that the judgment of acquittal was granted only as to premeditated murder, not felony murder. The court indicates that the jury was entitled to consider the charge of first-degree murder for which Otero was convicted. The trial court does not cite to specific portions of the record to support the denial of the claim and does not include any record attachments.
Accordingly, we reverse the order denying the motion for postconviction relief as to issues one and three, and remand for reconsideration. On remand, unless the case file and record conclusively demonstrate that Otero is not entitled to relief, an evidentiary hearing shall be conducted. If the court again concludes that summary denial is proper, it must attach to its order those portions of the case file and record which refute Ote-ro’s claims. In all other respects the order denying the motion for postconviction relief is affirmed.
Reversed and remanded in part; affirmed in part.
DANAHY, A.C.J., and PATTERSON and WHATLEY, JJ., concur.